# EXHIBIT A

## I.

### DEFINITIONS

1. In accordance with Southern District of New York Local Rule 26.3(c), "You" or "_____" means [[insert name of Respondent Bank]], and, unless the context requires otherwise, its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

2. The term "Your" refers to respondent [[insert name of Respondent Bank]].

3. The term "Petitioner" means petitioner Majed Amir Al-Attabi.

4. In accordance with Southern District of New York Local Rule 26.3(c), "Bank Audi" means Bank Audi SAL and, unless the context requires otherwise, its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

5. The term "Bank Audi Correspondent Account" means any account maintained with You by Bank Audi and used to make U.S. dollar denominated transfers anywhere in the world.

6. The term "Bank Audi Account" means any account maintained with You by Bank Audi other than the "Bank Audi Correspondent Account," including, but not limited to, any deposit, checking, or loan account, as well as any certificate of deposit or other similar account.

7. The term "Relevant Time Period" means October 17, 2019 through the date of Your response to this subpoena.

8. Petitioner hereby incorporates by reference the definitions of the terms "Communication," "Document," "Person," and "Concerning" set forth in Southern District of New York Local Rule 26.3(c).

9. Petitioner hereby incorporates by reference the rules of construction for the terms "all/each," "and/or" and for the use of singular and plural verb tenses set forth in Southern District of New York Local Rule 26.3(d).

## II.

### INSTRUCTIONS

1. In producing documents and other materials, You are requested to furnish all documents or things in Your possession, custody or control.

2. Documents are to be produced in full; redacted documents will not constitute compliance with this request. If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

3. In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. Pursuant to Rule 45(e)(1) of the Federal Rules of Civil Procedure, produce all documents as they are kept in the ordinary course of business or organize and label them to correspond to the categories in Petitioner's demand.

5. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by You. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

6. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

7. Documents attached to each other should not be separated.

8. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

9. If You claim the attorney-client privilege, or any other privilege or work product protection for any document, that document need not be produced, but You shall provide the information required by Fed. R. Civ. P. 45(e)(2) concerning that document.

10. The following instructions apply to all electronically stored information produced in response to this request for documents.

    a. Documents (except Microsoft Excel files, other spreadsheet files, audio files, video files AND other non-printable files) should be produced in the form of color, single-page Group IV TIFF images named with the corresponding Bates number. Data and image load files should be delivered along with the images. The load files should be compatible with the latest version of Summation iBlaze or CaseVantage. The format of the load files will be .DII and optionally a .DAT file if the metadata is not placed in the .DII. Each record in the load file should correspond with a single document. A document level text file should be delivered with each document. The text file should be referenced by the DII file.

b. For each document, the data load file should contain the following information: (i) beginning and ending Bates number; (ii) source of the document; and (iii) if the document is an attachment, the parent document identifier and the beginning Bates number of the parent document.

c. Electronic documents other than emails should provide the following metadata: MD5 Hash; Filepath; Filename; Extension; Last Modified Date; and Time.

d. Electronic emails should reflect the following metadata: MD5 Hash; From; To; CC; BCC; Subject; Sent Date; and Time.

e. Microsoft Excel files, other spreadsheet files, audio files, video files and other non-printable files should be delivered in native file format along with a TIFF file stating "Document Produced in Native Format." Each native file should be named with the Beginning Bates of the document plus its original extension. The native file should be referenced in the DII file.

## III.

### REQUESTED DOCUMENTS

1. The account statements prepared by You on a monthly or other periodic basis during the Relevant Time Period for any Bank Audi Account.

2. Documents sufficient to show all U.S. dollar denominated transfers made through or using the Bank Audi Correspondent Account during the Relevant Time Period, including, but not limited to, records of wire transfers, electronic funds transfers, automated clearinghouse transfers, or checking transactions (the "Transfer Records").

3. To the extent not produced in response to Request No. 2, documents sufficient to identify the geographic location of the accounts of the initiating and receiving parties for all transfers reflected in the Transfer Records and any other intermediary banks involved in facilitating those transactions, but not disclosing the names or other personally identifying information of any initiating or receiving party, or customer of Bank Audi.

4. Any communications between You and Bank Audi concerning this subpoena, Your response thereto, or Petitioner's February 26, 2021 application to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1782 and the Court's order granting same.