USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
*In re: Ex Parte Application of Majed Amir Al-* :   21-MC-207 (VSB)
*Attabi for an Order Pursuant to 28 U.S.C. §* :
*1782 to Take Discovery for use in Foreign*   :   **OPINION & ORDER**
*Proceedings Pending in the Republic of*      :
*Lebanon.*                                    :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

  Currently before me is the ex parte application of Petitioner Majed Amir Al-Attabi ("Petitioner") filed on February 26, 2021, for an order pursuant to 28 U.S.C. 1782 to conduct discovery for use in a foreign proceeding pending in Lebanon.  Because I find that Petitioner meets the requirements to obtain discovery pursuant to Section 1782, Petitioner's application is GRANTED.

  **I.**  <u>**Background and Procedural History**</u>

  Petitioner seeks evidence related to wire transfers made by Bank Audi S.A.L. ("Bank Audi") from October 17, 2019 through the present to (1) JPMorgan Chase Bank, N.A.; (2) the Bank of New York Mellon Corporation; (3) Citibank, N.A.; and (4) Standard Chartered Bank (collectively, "Respondents"), as well as other information related to Bank Audi's alleged liquidity.  (Doc. 1.)  Petitioner intends to use the discovery he seeks from Respondents to show that Bank Audi is able to satisfy Petitioner's request to pay an unpaid balance allegedly owed to him in U.S. dollars, and thus that Bank Audi is able to pay the pending claims Petitioner filed against it in the foreign proceeding.  (Doc. 3 ("MOL"), at 3–5.)  The exact discovery Petitioner seeks to obtain through subpoenas directed to the Respondents is detailed in a document filed as Doc. 4-1 in this action.  I will refer to this document as the "Proposed Subpoena."

## II. Applicable Law

"[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases).

Section 1782 contains three statutory requirements: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (alteration in original) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)). "Once the statutory requirements are met, a district court may order discovery under § 1782 in its discretion, taking into consideration the 'twin aims' of the statute, namely, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (quoting *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997)). "The Supreme Court has identified four" additional discretionary factors relevant to this determination:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Mangouras*, 980 F.3d at 97–98 (internal quotation marks omitted) (citing, ultimately, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks and alterations omitted). "[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees*, 793 F.3d at 302 (citation omitted).

### III. Application

As an initial matter, I find that Petitioner has satisfied the three statutory requirements. First, Respondents are "found" in this District for purposes of section 1782. Respondents or their parent corporations all have headquarters in this District. (Doc. 4 ¶¶ 6–9, 11–12). They are thus "found" within this district within the meaning of section 1782. *See In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, No. Civ. M19-88 (BSJ), 2006 WL 3844464, at *4 (S.D.N.Y. Dec. 29, 2006); *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) (holding that the term "found" "extends to the limits of personal jurisdiction consistent with due process").

Second, the discovery sought is "for use" in a foreign proceeding or tribunal. "A § 1782 applicant satisfies the statute's 'for use' requirement by showing that the materials she seeks are to be used at some stage of a foreign proceeding." *Mees*, 793 F.3d at 295; *see also id.* at 298 (section 1782's phrase "'for use in a proceeding' indicates something that will be employed with some advantage or serve some use in the proceeding—not necessarily something without which the applicant could not prevail."). "[A] Section 1782 applicant must establish that he or she has the practical ability to inject the requested information into a foreign proceeding," *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017), but the discoverability or admissibility of the evidence in the foreign proceeding is not dispositive of

this determination, *see In re XPO Logistics, Inc.*, 15 Misc. 205 (LGS), 2017 WL 6343689, at *5 (S.D.N.Y. Dec. 11, 2017) ("The Supreme Court addressed the question of whether foreign discoverability is a condition to obtaining documents under § 1782, and held that it is not." (citations omitted)); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 77 (2d Cir. 2012) ("Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered 'for use in a proceeding in a foreign or international tribunal.'"). Petitioner is a party in a pending foreign proceeding against Bank Audi and seeks to introduce evidence showing that Bank Audi has sufficient liquidity to pay Petitioner's claims against it. (Doc. 5 ¶¶ 24, 26, 37–38). Indeed, Petitioner has filed a declaration stating that Bank Audi has "refuse[d] to honor" its contractual obligation to transfer the balance owed to Petitioner, and that Bank Audi has cited a lack of U.S. dollar liquidity as the reason for the refusal. (*Id.* ¶¶ 16–17, 20.)

Petitioner also intends to use the discovery as part of a pre-judgment attachment proceeding against Bank Audi arising from Bank Audi's refusal to pay the balance owed to Petitioner. (MOL 7–8.) I note that if Petitioner only intended to use the discovery he seeks in the pre-judgment attachment proceeding, that likely would not satisfy section 1782, as Petitioner does not argue that the pre-judgment attachment proceeding is "an adjudicative proceeding" that decides "[t]he merits of the dispute." *See Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 (2d Cir. 1998); *In re Gorsoan Ltd.*, 435 F. Supp. 3d 589, 597 (S.D.N.Y. 2020) ("Several courts in this district subsequently interpreted *Euromepa* to stand for the proposition that 'neither pre-judgment attachment nor post-judgment enforcement proceedings are "adjudicative" in nature.'" (collecting cases)), *rev'd and remanded sub nom. on other grounds*, *In re Gorsoan Ltd.*, 843 F. App'x 352 (2d Cir. 2021). However, as stated *supra*,


Petitioner also seeks to use the sought discovery to prove his entitlement to the specific performance remedy of having Bank Audi transfer the allegedly owed funds in U.S. dollars to an account he controls. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) ("Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise.").

Third, Petitioner, as a party to the foreign proceeding, is an "interested person" within the meaning of section 1782. "A party to a foreign litigation is an 'interested person' within the ambit of § 1782." *In re Degens*, 20-mc-237 (JGK) (RWL), 2020 WL 4252725, at *4 (S.D.N.Y. July 24, 2020) (citations omitted).

Because Petitioner meets the three statutory factors, I proceed to determine whether the discretionary *Intel* factors counsel against permitting the requested discovery. *See Mees*, 793 F.3d at 297–98 (citing *Intel*, 542 U.S. at 264–65). They do not. First, no Respondent is a party to the foreign proceeding; if any were, that would counsel against permitting discovery. *See Mangouras*, 980 F.3d at 97. Second, there is no indication that a Lebanese court would be unreceptive to federal-court judicial assistance. *Cf. Intel*, 542 U.S. at 264–65. To the contrary, Petitioner submits a declaration from a Lebanese litigator stating that Articles 139 and 140 of the Lebanese Code of Civil Procedure provide for the admissibility of evidence obtained in accordance with the law of other jurisdictions. (Doc. 5 ¶¶ 28, 41.) Third, Petitioner's request does not seek "to circumvent" the rules and procedures of the Lebanese tribunal, *see Mangouras*, 980 F.3d at 98, as Lebanese law allows the use of discovery materials obtained outside of Lebanon, (Doc. 5 ¶¶ 28, 41). Moreover, while Lebanon has a secrecy law that guards certain bank records, it does not extend to Respondents, since that secrecy law applies

only to "[b]anks established in Lebanon in the form of joint-stock companies, and banks that are branches of foreign companies." *In re Iraq Telecom Ltd.*, 18-MC-458 (LGS) (OTW), 2020 WL 605931, at *1 (S.D.N.Y. Feb. 7, 2020), *objections overruled*, 2020 WL 1047036 (S.D.N.Y. Mar. 4, 2020). Fourth, the requested discovery is not unduly intrusive or burdensome. *See Mangouras*, 980 F.3d at 98. Petitioner's Proposed Subpoena is narrowly tailored to provide the Petitioner with information to support his argument in the foreign litigation that Bank Audi possesses liquidity to pay his claims. The Proposed Subpoena seeks wire transfer records for transfers in U.S. dollars made out of Bank Audi's accounts with Respondents since October 17, 2019; account statements for Bank Audi's accounts with Respondents since October 17, 2019; and any communications Bank Audi may have made with Respondents about Petitioner or this Application. (Proposed Subpoena ¶¶ 1–4.) This is not unduly burdensome or intrusive, as the sought materials are routinely produced by banks to satisfy discovery requests. *See, e.g.*, *In re Rodriguez Guillen*, 20-MC-102 (ALC), 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020) (noting that a third-party bank "should be able to search for and produce . . . records of wire transfers without significant burden").

## IV.  Conclusion

Accordingly, Petitioner's ex parte request for an order pursuant to 28 U.S.C. § 1782 is GRANTED. Petitioner is authorized, through his U.S. counsel at the law firm of Fleischman Bonner & Rocco LLP, to take discovery, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, from JPMorgan Chase Bank, N.A., The Bank of New York Mellon Corporation, Citibank, N.A., and Standard Chartered Bank ("Respondents"), by serving subpoenas consistent with the Proposed Subpoena in this district seeking the documents and information identified in Exhibit 1 to the Declaration of James P.

Bonner executed on February 26, 2021 and depositions of Respondents' document custodians (the "Authorized Subpoenas"), together with a copy of this Order.  Petitioner is authorized to use the discovery so obtained in the legal proceedings against Bank Audi referenced in his filings before me, (*see* MOL 1–3), which are (1) the proceeding pending before the court of first instance in Beirut, Lebanon under docket number 448/2020 and (2) the proceeding in which Petitioner has obtained a pre-judgment attachment against Bank Audi.

IT IS FURTHER ORDERED that, prior to serving the Authorized Subpoenas on Respondents and in addition to complying with Federal Rule of Civil Procedure 45(a)(4), Petitioner's counsel will deliver by email a copy of this Order together with the papers on which it is granted to the following counsel for Bank Audi:  André Nohra of the Cortbaoui & Kanaan Law Firm in Beirut, Lebanon, at his email address a.nohra@c-klaw.com.

Respondents shall comply with the Authorized Subpoenas in accordance with the Federal Rules of Civil Procedure, the Local Rules, and my Individual Rules, including with respect to their rights to object to or move to quash the Authorized Subpoenas.

The Clerk of Court is respectfully directed to close the open motions on the docket.

SO ORDERED.

Dated: September 3, 2021
New York, New York

_____
Vernon S. Broderick
United States District Judge