# EXHIBIT C

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Southern District of New York

| | |
|---|---|
| In re *Ex Parte* Application of Majed Amir Al-Attabi _____ *Petitioner* for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for use in Foreign Proceedings Pending in the Republic of Lebanon. _____ | )<br>)<br>)<br>)<br>)<br>)     Civil Action No.    1:21-mc-00207-VSB |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        The Custodian of Records, Citibank, N.A.
       388 Greenwich Street, New York, New York 10013 (New York County)
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A attached.

| Place:  81 Main Street<br>         White Plains, New York 10601 | Date and Time:<br>10/01/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:    stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A attached.

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/07/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Majed Amir Al-Attabi _____ , who issues or requests this subpoena, are:

James P. Bonner, Fleischman Bonner & Rocco LLP, 81 Main Street, White Plains, New York 10601
jbonner@fbrllp.com, (646) 415-1399

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:21-mc-00207-VSB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## I.

### DEFINITIONS

1.      In accordance with Southern District of New York Local Rule 26.3(c), "You" or "Citibank" means Citibank, N.A., and, unless the context requires otherwise, its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, agents, consultants, and independent contractors.

2.      The term "Your" refers to respondent Citibank, N.A.

3.      The term "Petitioner" means petitioner Majed Amir Al-Attabi.

4.      In accordance with Southern District of New York Local Rule 26.3(c), "Bank Audi" means Bank Audi SAL and, unless the context requires otherwise, its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, attorneys, consultants, and independent contractors.

5.      The term "Bank Audi Correspondent Account" means any account maintained with You by Bank Audi and used to make U.S. dollar denominated transfers anywhere in the world.

6.      The term "Bank Audi Account" means any account maintained with You by Bank Audi other than the "Bank Audi Correspondent Account," including, but not limited to, any deposit, checking, or loan account, as well as any certificate of deposit or other similar account.

7.      The term "Relevant Time Period" means October 17, 2019 through the date of Your response to this subpoena.

8.      Petitioner hereby incorporates by reference the definitions of the terms "Communication," "Document," "Person," and "Concerning" set forth in Southern District of New York Local Rule 26.3(c).

9.      Petitioner hereby incorporates by reference the rules of construction for the terms "all/each," "and/or" and for the use of singular and plural verb tenses set forth in Southern District of New York Local Rule 26.3(d).

## II.

### INSTRUCTIONS

1.      In producing documents and other materials, You are requested to furnish all documents or things in Your possession, custody or control.

2.      Documents are to be produced in full; redacted documents will not constitute compliance with this request.  If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

3.      In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.      Pursuant to Rule 45(e)(1) of the Federal Rules of Civil Procedure, produce all documents as they are kept in the ordinary course of business or organize and label them to correspond to the categories in Petitioner's demand.

5.      All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by You.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

6.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

7.      Documents attached to each other should not be separated.

8.      Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by this discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar materials.

9.      If You claim the attorney-client privilege, or any other privilege or work product protection for any document, that document need not be produced, but You shall provide the information required by Fed. R. Civ. P. 45(e)(2) concerning that document.

10.     The following instructions apply to all electronically stored information produced in response to this request for documents.

a.      Documents (except Microsoft Excel files, other spreadsheet files, audio files, video files AND other non-printable files) should be produced in the form of color, single-page Group IV TIFF images named with the corresponding Bates number.  Data and image load files should be delivered along with the images.  The load files should be compatible with the latest version of Summation iBlaze or CaseVantage.  The format of the load files will be .DII and optionally a .DAT file if the metadata is not placed in the .DII.   Each record in the load file should correspond with a single document.  A document level text file should be delivered with each document.  The text file should be referenced by the DII file.

3

b.      For each document, the data load file should contain the following information: (i) beginning and ending Bates number; (ii) source of the document; and (iii) if the document is an attachment, the parent document identifier and the beginning Bates number of the parent document.

c.      Electronic documents other than emails should provide the following metadata: MD5 Hash; Filepath; Filename; Extension; Last Modified Date; and Time.

d.      Electronic emails should reflect the following metadata: MD5 Hash; From; To; CC; BCC; Subject; Sent Date; and Time.

e.      Microsoft Excel files, other spreadsheet files, audio files, video files and other non-printable files should be delivered in native file format along with a TIFF file stating "Document Produced in Native Format."  Each native file should be named with the Beginning Bates of the document plus its original extension.  The native file should be referenced in the DII file.

## III.

### REQUESTED DOCUMENTS

1.      The account statements prepared by You on a monthly or other periodic basis during the Relevant Time Period for any Bank Audi Account.

2.      Documents sufficient to show all U.S. dollar denominated transfers made through or using the Bank Audi Correspondent Account during the Relevant Time Period, including, but not limited to, records of wire transfers, electronic funds transfers, automated clearinghouse transfers, or checking transactions (the "Transfer Records").

3.      To the extent not produced in response to Request No. 2, documents sufficient to identify the geographic location of the accounts of the initiating and receiving parties for all transfers reflected in the Transfer Records and any other intermediary banks involved in facilitating those transactions, but not disclosing the names or other personally identifying information of any initiating or receiving party, or customer of Bank Audi.

4.      Any communications between You and Bank Audi concerning this subpoena, Your response thereto, or Petitioner's February 26, 2021 application to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1782 and the Court's order granting same.