# EXHIBIT 1

Translation

**El-Aref Law Office**

**Since 1942**

Beirut, 03/09/2020

To the attention of the Court of First Instance of Beirut
Chamber dealing with Financial Cases
Statement of claim
Submitted by

| | |
|---|---|
| **The Plaintiff:** | **Majed bin Ameer Al Attabi** |
| | Represented by his attorneys at law Aref Oussama El-Aref, Mohammad Ramadan, and Katia Daou, by virtue of a power of attorney, a copy of which is attached hereto (Document No. /1/). |
| **The Defendant:** | **Bank Audi SAL** |
| | Registered at the Commercial Register of Beirut under No. /11347/ and represented by the Chairman of the Board of Directors, Mr. Samir Hanna. |
| | Beirut, Bab Idris, Head Office. |
| **Matter:** | **Transfer of payable deposits** |

1

**First:**     **The Facts:**

1. The Plaintiff is a Saudi national who works in the field of singing under the artistic name of Majed Al Mohandis, and has many popular albums throughout the Arab world.

2. The Plaintiff wanted to invest some of his savings in Lebanese banks. On 01/04/2019, he deposited two million US dollars with the Defendant at an annual interest rate of up to 8% for a period of one non-renewable year ending on 01/04/2020.
On 31/07/2019, he deposited an amount of USD /2,050,000/ (Two million and fifty thousand US dollars) for a period of one year at an interest rate of 8%; the deposit maturity date being on 31/07/2020.

    (We enclose hereto the two deposits receipts and their terms and conditions, Documents No. /2/ and /3/).

3. The Plaintiff's two deposits became due on their respective date, and the Plaintiff's final balance with the Defendant reached the amount of USD /4,302,697/ (Four million three hundred two thousand six hundred ninety-seven US Dollars).

    (We enclose hereto the statement of account of each of the deposits, Documents No. /4/ and/5/).

4. Although the full value of the two deposits along with their contractual interests became due, the Defendant refuses to transfer the balance of the two deposits account with their interests to the Plaintiff, citing the circumstances that the country is going through and the illegal banking restrictions on transfers and cash withdrawals. Thus, the present lawsuit had to be filed.

2

**Second:** The Law:

A. **In the Form:**

The Plaintiff requests that the present lawsuit be accepted in form since all the admissibility conditions are fulfilled.

B. **On the merits:**

<u>A decision must be rendered obligating the Defendant to transfer the balance of the two deposits account of the Plaintiff to the account of the latter with Mashreq Bank in the Emirate of Dubai, in accordance with the provisions of Article /307/Code of Commerce and Article /701/ of the Code of Obligations and Contracts and the provisions of Law No. 43/67 and Law No. 67/1971:</u>

Whereas, Article /307/ of the Code of Commerce provides that a bank that receives as a deposit a sum of money acquires ownership thereof and must return it in one or several payments of an equivalent value on the depositor's first request or according to the terms of the time-limits or prior notice specified in the contract.

Whereas, Article /701/ of the Code of Obligations and Contracts obligates the depository to return the deposit upon the request of the depositor.

In the present case, whereas it is established that the Plaintiff deposited two deposits amounting to USD /4,050,000/ (Four million fifty thousand US Dollars) each for a fixed term of one non-renewable year.

Whereas, the balance of the Plaintiff's accounts with the Defendant in terms of the value of the two deposits and their interests amounted to USD (4,302,697) (Four million three hundred two thousand six hundred ninety-seven US dollars), the Defendant must pay the said amount to the Plaintiff.

3

Whereas, the Plaintiff refuses to transfer the full above-mentioned value, citing the financial and economic conditions and the illegal restrictions on transfers and cash withdrawals in foreign currencies.

Whereas, Article /11/ of Law No. /43/ of 03/06/1967 (authorizing the conclusion of a Trade and Residency Agreement between Lebanon and the Kingdom of Saudi Arabia) and Article 13 of Law No. /67/ of 20/12/1971 (The Commercial and Economic Agreement between Lebanon and Saudi Arabia) prohibit any measures that impede the free transfer of the funds of the nationals of the two countries in the other country, where they read as follows:

**"The two contracting Parties shall allow the capitals, which one country or its nationals invests in the other country, in accordance with the provisions of the present Agreement, along with their returns and interests, to move between the two countries completely freely and in a convertible currency."**

Whereas, the currency of the two deposits is the US dollar, therefore the Defendant must return the two deposits and their interests in the same currency, namely in US dollar.

Whereas, the banking services provided to the clients are numerous and various in line with the variety of banking techniques, including external transfers, and the external transfer to the Plaintiff is considered the most important non burdensome means of performance granted to him since he is not residing in Lebanon.

For all the foregoing, the Plaintiff requests to obligate the Defendant to transfer the balance of the Plaintiff's accounts with the Defendant amounting to USD /4,302,697/ (Four million three hundred two thousand six hundred ninety-seven US dollars) to the Plaintiff's account at Mashreq Bank in the United Arab Emirates, Dubai, which details are as follows:

| | |
|---|---|
| **Account name:** | **Majid Ameer Al Attabi** |
| **Bank Name:** | **Mashreq Bank** |
| **Address:** | **Dubai - UAB** |
| **Iban:** | **AE420330000010797598922** |

4

   Swift Code:  BOMLAEAD

Under the penalty of imposing on the Defendant a coercive fine of fifty thousand US dollars for each day of delay.

<div style="text-align:center;">

For these reasons

For the reasons that we will submit when necessary

And for the reasons deemed appropriate by your honorable Court

</div>

The Plaintiff submits the present statement of claim, summoning the Defendant, requesting that the latter be served the present statement of claim and its attachments and be assigned to submit its response within the legal time limit, in order to schedule an urgent hearing to rule on the dispute for the purpose of the following:

**First:**  **In the form:**

To accept the present lawsuit in form since all the admissibility conditions are fulfilled.

**Second:**  **On the merits:**

To obligate the Defendant to transfer the balance of the Plaintiff's accounts with the Defendant, which amount to date to four million three hundred two thousand six hundred ninety-seven US dollars, in addition to all the interests that will accrue after the filing of the present lawsuit to the Plaintiff's account, which details are as follows:

| | |
|---|---|
| **Account name:** | Majid Ameer Al Attabi |
| **Bank Name:** | Mashreq Bank |
| **Address:** | Dubai - UAB |
| **Iban:** | AE420330000010797598922 |
| **Swift Code:** | BOMLAEAD |

Under the penalty of imposing on the Defendant a coercive fine of fifty thousand US dollars for each day of delay.

**Third:**   To condemn the Defendant to pay all fees, expenses, remunerations and damages.

With all reservations,
Respectfully yours,
By power of attorney
Lawyer Oussama El-Aref

<div dir="rtl">

العارف
مكتب محاماة
منذ سنة ١٩٤٢

بيــروت في ٢٠٢٠/٩/٣

جانب محكمة الدرجة الأولى في بيروت الموقّرة
الغرفة الناظرة بالقضايا المالية

استحضـــــار

مقـــدّم

مِـن المدّعـــــي:   ماجد بن أمير العتابـــي
وكلاؤه المحامون عارف أسامه العارف ومحمّد رمضان وكاتيا ضو بموجب سند توكيل مرفق عنه ربطاً صورة عادية (مستند رقم /١/).

المدّعى عليــه:   بنـك عـوده ش.م.ل.
المسجّل في السجل التجاري في بيروت برقم /١١٣٤٧/ والممثّل برئيس مجلس الإدارة السيد سمير حنـا.
بيروت، باب إدريس، الإدارة العامّة.

الموضـــــوع:   تحويل ودائـع مستحقّة.

=====================

</div>

**أولاً:** **في الوقائـــــــع:**

١_ المدّعي سعودي الجنسية، يعمل في مجال الغناء من خلال الاسم الفني ماجد المهندس، ولديه العديد من الألبومات الغنائية المنتشرة في كافة أرجاء الوطن العربي.

٢_ رغب المدّعي في استثمار بعض مدّخراته في المصارف اللبنانية، وبتاريخ ٢٠١٩/٤/١ أودع مبلغ مليونيّ دولار أميركيّ لدى المدّعى عليه بفائدة سنوية تصل إلى ٨% لمدة سنة واحدة غير قابلة للتجديد تنتهي بتاريخ ٢٠٢٠/٤/١.

وبتاريخ ٢٠١٩/٧/٣١ أودع مبلغ /٢,٠٥٠,٠٠٠/د.أ. (مليونين وخمسون ألف دولار أميركيّ) لمدة سنة بفائدة ٨% على أن تستحق الوديعة بتاريخ ٢٠٢٠/٧/٣١.
(نرفق ربطاً إيصالات الإيداع للوديعتين وشروط التعامل بهما، مستندين رقم /٢/ و/٣/).

٣_ استحقت وديعتيّ المدّعي كل منهما بتاريخها ووصل رصيد المدّعي النهائي لدى المدّعى عليه إلى مبلغ /٤,٣٠٢,٦٩٧/د.أ. (أربعة ملايين وثلاثمائة وألفي وستمائة وسبعة وتسعون دولار أميركيّ).
(نرفق ربطاً صور كشف حساب كل من الوديعتين، مستندين رقم /٤/ و/٥/).

٤_ بالرغم من استحقاق كامل قيمة الوديعتين مع الفوائد العقدية، يرفض المدّعى عليه تحويل رصيد حساب الوديعتين مع فوائدهما للمدّعي متحجّجاً بالظروف التي تمرّ بها البلاد وبالقيود المصرفية غير القانونية على التحويلات والسحوبات النقدية، مما اقتضى التقدّم بالدّعوى الحالية.

**ثانياً:** **في القانـــــون:**
**ألف:** **في الشكــل:**
يرجو المدّعي قبول الدّعوى الحالية شكلاً لتوفّر سائر شروط قبولها.

**باء:** **في الأساس:**

**في وجوب تقرير إلزام المدّعى عليه تحويل رصيد حساب الوديعتين الخاصتين بالمدّعي لحساب الأخير في بنك المشرق في إمارة دبيّ عملاً بأحكام المادة /٣٠٧/ تجاري و/٧٠١/م.ع. وبأحكام القانون رقم ٤٣/٦٧ والقانون رقم ٦٧/١٩٧١:**

لما كانت المادة /٣٠٧/ من القانون التجاري تنصّ على أن المصرف الذي يتلقى على سبيل الوديعة مبلغاً من النقود يصبح مالكاً له ويجب عليه أن يردّه بقيمة تعادله دفعة واحدة أو عدّة دفعات عند أوّل طلب من المودع أو بحسب شروط المهل أو الإعلان المسبق المعيّنة في العقد.

ولما كانت المادة /٧٠١/ من قانون الموجبات والعقود تلزم المودع لديه بردّ الوديعة حينما يطلبها المودع.

وبالعودة إلى واقع الحال، ولما كان ثابتاً إيداع المدّعي لوديعتين بقيمة /٤,٠٥٠,٠٠٠/د.أ. (أربعة ملايين وخمسون ألف دولار أميركيّ) وحدّدت مدة كل وديعة لسنة واحدة غير قابلة للتجديد.

ولما بلغ رصيد حسابات المدّعي لدى المدّعى عليه من أصل قيمة الوديعتين وفوائدهما مبلغاً وقدره /٤,٣٠٢,٦٩٧/د.أ. (أربعة ملايين وثلاثمائة وألفي وستمائة وسبعة وتسعون دولار أميركيّ)، بات من الواجب على المدّعى عليه تسديدها للمدّعي.

ولما كان المدّعي يرفض تحويل كامل القيمة المذكورة أعلاه متحجّجاً بالظروف المالية والاقتصادية والقيود غير القانونية الموضوعة على التحاويل والسحوبات النقدية بالعملات الأجنبية.

ولما كانت المادة /١١/ من القانون رقم /٤٣/ تاريخ ١٩٦٧/٦/٣ (إجازة إبرام اتفاق التجارة والإقامة بين لبنان والمملكة العربية السعودية) والمادة /١٣/ من القانون رقم /٦٧/ تاريخ ١٩٧١/١٢/٢٠ (الاتفاق التجاري والاقتصادي بين لبنان والسعودية) تمنعان أي تدابير تعيق حرية تحويل الأموال لرعايا البلدين في البلد الآخر بنصّهما:

" يسمح الطرفان المتعاقدان لرؤوس الأموال التي يوظفها أحد البلدين أو رعاياه في البلد الآخر طبقاً لأحكام هذا الاتفاق وأرباحها وفوائدها بالانتقال بين البلدين بحرية تامة وبعملة قابلة للتحويل ".

ولما كانت عملة الوديعتين الدولار الأميركيّ، وبالتالي يتوجّب على المدّعى عليه ردّ الوديعتين وفوائدهما بنفس العملة أي الدولار الأميركيّ.

ولما كانت الخدمات المصرفية للعملاء قد تعدّدت وتنوعت بتنوّع التقنيات المصرفية ومنها التحاويل الخارجية، ويعتبر التحويل الخارجي للمدّعي أهمّ وسائل التنفيذ الممنوحة له وغير المرهقة كونه غير مقيم في لبنان.

لكل ذلك، يرجو المدّعي إلزام المدّعى عليه بتحويل رصيد حسابات المدّعي لديه البالغ /٤,٣٠٢,٦٩٧/د.أ. (أربعة ملايين وثلاثمائة وألفي وستمائة وسبعة وتسعون دولار أميركيّ) إلى حساب المدّعي في بنك المشرق في الإمارات العربية المتّحدة، دبيّ ذي البيانات التالية:

Account Name:   Majid Ameer Al Attabi
Bank Name:      Mashreq Bank
Address:        Dubai _ UAB
Iban:           AE420330000010797598922
Swift Code:     BOMLAEAD

تحت طائلة تضمين المدّعى عليه غرامة إكراهية بقيمة خمسون ألف دولار أميركيّ عن كل يوم تأخير.

لهـــذه الأسبـــاب

وللأسباب التي سوف نتقدّم بها عند الحاجة

ووفقاً لما ترونه عفواً أو حكماً

يتقدّم المدّعي باستحضار الدعوى الحالية مستحضراً المدّعى عليه راجياً إبلاغه الاستحضار ومرفقاته وتكليفه الجواب ضمن المهلة القانونية ليصار من ثمّ إلى تعيين موعد جلسة عاجلة لرؤية النزاع، ليصار من ثمّ إلى:

<u>أولاً:</u>   <u>في الشكــــل:</u>

قبول الدّعوى الحالية شكلاً لتوفّر سائر شروط قبولها.

<u>ثانياً:</u>   <u>في الأســـاس:</u>

إلزام المدّعى عليه بتحويل رصيد حسابات المدّعي لديه البالغ حتى تاريخه أربعة ملايين وثلاثمائة وألفي وستمائة وسبعة وتسعون دولار أميركيّ بالإضافة إلى كافة الفوائد التي تستحقّ بعد إقامة الدّعوى الحالية إلى حساب المدّعي ذي البيانات التالية:

Account name:   Majid Ameer Al Attabi
Bank name:   Mashreq Bank
Address:   Dubai _ UAB
Iban:   AE420330000010797598922
Swift Code:   BOMLAEAD

تحت طائلة تضمين المدّعى عليه غرامة إكراهية بقيمة خمسون ألف دولار أميركيّ عن كل يوم تأخير.

<u>ثالثاً:</u>   تضمين المدّعى عليه كافة الرسوم والمصاريف والأتعاب والعطل والضرر.

بكـــــل تحفّـــظ واحتـــــرام

بالوكالة

المحامي عارف أسامه العارف

MR/ AF/ 2660