# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

In re *Ex Parte* Application of Majed Amir Al-Attabi,      :

                                  *Petitioner,*      :

                                           :      Case No. 1:21-mc-00207(VSB)(RWL)

for an Order Pursuant to 28 U.S.C. § 1782 to Take      :
Discovery for use in Foreign Proceedings Pending      :
in the Republic of Lebanon.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**STIPULATION & [PROPOSED] PROTECTIVE ORDER**

WHEREAS, on September 3, 2021, the Court granted the application of Petitioner

Majed Amir Al-Attabi ("Petitioner") to take certain discovery in this district for use in the

legal proceedings pending between Petitioner and Bank Audi S.A.L. ("Bank Audi") in the

Court of First Instance of Beirut under No. 448/2020 and in the Court of Judicial

Enforcement of Beirut under No. 211/2021 (collectively, the "Lebanon Proceedings") [ECF

10]; and

WHEREAS, pursuant to the Court's September 3, 2021 order, the Petitioner served

subpoenas in this district on JPMorgan Chase Bank, N.A., The Bank of New York Mellon,

Citibank, N.A., and Standard Chartered Bank (the "Subpoenaed Banks") seeking production

of, among other things, records reflecting certain U.S. dollar transfers by Bank Audi

customers in a format that does not disclose the names or any other personally identifying

information (including account numbers) of any transferor or transferee; and

WHEREAS, Bank Audi has appeared in this case by virtue of its interest as the

defendant in the Lebanese Proceedings; and to protect the confidentiality of its customers as

required by Lebanese law; and

WHEREAS, Bank Audi and the Subpoenaed Banks have requested entry of an

appropriate protective order prior to ~~their producing~~the production of documents and

information in response to the Petitioner's subpoenas as modified by the Court on January 26, 2022 [ECF 34] (the "§ 1782 Subpoenas"); and

IT IS HEREBY STIPULATED AND SO ORDERED, pursuant to 28 U.S.C. § 1782 and Rule 26(c) of the Federal Rules of Civil Procedure that:

1.      All documents and information produced by the Subpoenaed Banks in response to the § 1782 Subpoenas ~~(the "Subpoenaed Information")~~ shall not be used by any person for any purpose other than ~~prosecuting, defending, or settling~~proving or rebutting any issue raised in the Lebanon Proceedings.

2.      ~~Access to~~The Subpoenaed Information ~~shall be limited~~may be disclosed only to:

(a)     Petitioner and Bank Audi, the parties to ~~the above-captioned proceeding and~~ the Lebanon Proceedings;

(b)     counsel for Petitioner and Bank Audi in this proceeding ("U.S. Counsel"), subject to compliance with Paragraph 3 of this Protective Order;

(~~b~~c)     counsel for ~~the~~Petitioner and Bank Audi who are engaged in representing those parties ~~to the above-captioned proceeding and~~in the Lebanon Proceedings, (~~including all attorneys in private law firms representing the parties), as well as their~~"Lebanon Counsel"), including the paralegal, technical, secretarial~~,~~ and clerical personnel who are actually engaged in assisting ~~in the~~such Lebanon ~~Proceedings ("Counsel")~~, subject to compliance with Paragraph 3 of this Protective Order;

(~~c~~d)     the courts presiding over the Lebanon Proceedings and over any related appellate proceedings, including ~~their~~the clerical personnel chosen by the courts to work on

2

Lebanon Proceedings (the "Lebanon Courts"), subject to compliance with Paragraph 4 of this Protective Order;

(d)     persons providing photocopying, document storage, data processing, or litigation support who are employed or retained by Counsel to assist in this proceeding or the Lebanon Proceedings, subject to compliance with Paragraph 3 of this Order;

(e)     experts, consultants, or investigators retained by Lebanon Counsel for purposes of consulting or testifying in the Lebanon Proceedings, subject to compliance with Paragraph 3 of this Protective Order; and

(f)     other non-party witnesses testifying in, or otherwise providing evidence for use in, the Lebanon Proceedings, subject to compliance with Paragraph 3 of this Order;

(gf)     any person,other persons only with the prior written agreement of Bank Audi and the Subpoenaed Bank that produced the Subpoenaed Information, subject to compliance with Paragraph 3 of this Protective Order;.

(h)     any person whom this Court or the Lebanon Courts direct may have access;

(i)     to the extent that Subpoenaed Information becomes part of, or is reflected in, official records of the Lebanon Courts, any person authorized under Lebanese law to have access to such records.

3.     Unless otherwise ordered by this Court or one of the Lebanon Courts, prior toThe following procedures shall apply to the disclosure of Subpoenaed Information to a person authorized under paragraphs 2(db)— (g) of this Order, 2(c), 2(e) and 2(f) to receive it.

(a)     The disclosing party shall provide to such person a copy of this Protective

Order and obtain from such person an executed copy of the Confidentiality Agreement annexed hereto as Exhibit A. Where the person to whom the Subpoenaed Information is disclosed pursuant to this paragraph 3 is not fluent in English, the disclosing party shall provide to such person an Arabic translation of this Protective Order and of the Confidentiality Agreement as set forth in Exhibits B and C, respectively.

(b)     Copies of the executed Confidentiality Agreements (whether in English or Arabic) shall be provided to U.S. Counsel for both parties within three (3) days of execution, except that copies of Confidentiality Agreements executed by experts shall be provided upon disclosure of the expert's identity to opposing Lebanon Counsel. When presented with evidence of unauthorized disclosure of the Subpoenaed Information, the disclosing party shall promptly provide copies of all executed Confidentiality Agreements executed by undisclosed experts to U.S. Counsel for the opposing party.

4.     Prior to filing any Subpoenaed Information with the Lebanon Courts, Lebanon Counsel for the parties shall use their best efforts to obtain an order from the Lebanon Courts to file the Subpoenaed Information in a manner that prevents them from being publicly accessible by anyone other than the court and its clerical personnel.

5.     All persons to whom the Subpoenaed Information is disclosed under paragraphs 2(a), 2(b), 2(c), 2(e) and 2(f) are obligated to maintain the Subpoenaed Information in a secure environment to prevent access to the Subpoenaed Information by unauthorized persons.

6.     Within ten (10) days of the final conclusion of the Lebanon Proceeding, including appeals, all copies of the Subpoenaed Information shall be destroyed by

Petitioner, Bank Audi, and by all other persons who received Subpoenaed Information subject to compliance with paragraph 3 of this Protective Order.  The parties shall provide certificates confirming such destruction to U.S. Counsel and to the Subpoenaed Banks within three (3) weeks of the final conclusion of the Lebanon Proceeding.

7.    This Court retains jurisdiction over this matter for all proceedings to enforce or modify the terms of this Protective Order.  Upon a finding that any person has knowingly disclosed any Subpoenaed Information to a person not authorized by this Protective Order to receive it, or to an authorized person for a purpose not authorized by this Protective Order, the person shall be subject to a monetary sanction.

[insert signature lines for all counsel]

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   March ____, 2022
           New York, New York

5

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re *Ex Parte* Application of Majed Amir Al-Attabi,      :
                                                                :
                                 *Petitioner,*      :      Case No. 1:21-mc-00207(VSB)(RWL)
                                                                :
for an Order Pursuant to 28 U.S.C. § 1782 to Take               :
Discovery for use in Foreign Proceedings Pending               :
in the Republic of Lebanon.                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CONFIDENTIALITY AGREEMENT**

1.      My name is _____.  I am employed as

_____ (state position) by _____ (state name and

address of employer).

2.      I have received and read a copy of the Protective Order that has been entered in

the above captioned proceeding.  I understand the provisions of the Protective Order, including

its provisions for secure maintenance of the Subpoenaed Information and for monetary

sanctions, and agree to comply with and be bound by its provisions.

3.      I understand that sanctions may be imposed upon me for violation of the

Protective Order.  I consent to personal jurisdiction over me by the United States District Court

for the Southern District of New York with respect to enforcement of the Protective Order.

Dated: _____          Signed:_____

| Summary report:<br>**Litera® Change-Pro for Word 10.2.0.10 Document comparison done on 3/15/2022 12:06:48 PM** | |
|---|---|
| **Style name:** Dechert PDF | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://NA_IMANAGE/LITIGATION/17953722/1 | |
| **Modified DMS:** iw://NA_IMANAGE/LITIGATION/17953722/3 | |
| **Changes:** | |
| Add | 51 |
| Delete | 29 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 84 |