UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
*In re: Ex Parte Application of Majed Amir Al-*             :    21-MC-207 (VSB) (RWL)
*Attabi for an Order Pursuant to 28 U.S.C. §*               :
*1782 to Take Discovery for use in Foreign*                 :    **OPINION & ORDER**
*Proceedings Pending in the Republic of*                    :
*Lebanon.*                                                  :
                                                            :
------------------------------------------------------------X

Appearances:

James Patrick Bonner
Susan M. Davies
Fleischman Bonner & Rocco LLP
White Plains, New York
*Counsel for Petitioner*

Linda C. Goldstein
Patrick Nicholas Andriola
Tamer Mallat
Dechert LLP
*Counsel for Movant Bank Audi S.A.L.*

VERNON S. BRODERICK, United States District Judge:

      Before me is the Objection of Bank Audi S.A.L. ("Bank Audi") to Magistrate Judge Robert W. Lehrburger's March 8, 2022 Order denying its application to renew its motion to quash, originally denied on January 26, 2022 (the "Renewal Order" or the "March 8 Order"). (Doc. 39.) Bank Audi also filed a letter motion to stay compliance with authorized subpoenas until its Objection is decided. (Doc. 48.)

      Because Bank Audi has failed to identify any source of law that compels granting a renewed motion to quash based on changed circumstances a movant itself creates, its Objection is OVERRULED. Bank Audi's letter motion to stay is thus DENIED as moot.

I. **Background and Procedural History**[1]

Petitioner Majed Amir Al-Attabi ("Petitioner") filed an ex parte application to take discovery pursuant to 28 U.S.C. § 1782 on February 26, 2021. (Doc. 1.) On September 3, 2021, I granted the application and authorized Petitioner to serve subpoenas consistent with the form of proposed subpoenas Petitioner had filed. (Doc. 10.)

On October 12, 2021, Bank Audi filed a motion to quash the authorized subpoenas. (Doc. 18.) On January 5, 2022, I entered an order of reference so that Magistrate Judge Robert W. Lehrburger could decide the motions to quash. (Doc. 33.) On January 26, 2022, Judge Lehrburger denied the motion to quash and granted a motion to modify the scope of the subpoenas allowed to be served. (Doc. 34 (the "January 26 Order").) Bank Audi never filed an objection to the January 26 Order.

Instead, on February 25, 2022, Bank Audi filed a letter requesting a pre-motion conference so it could make "a renewed motion to quash . . . based on recent developments in the civil action in Lebanon" in which Petitioner wishes to use the discovery he sought through his initial application (the "Lebanon Action"). (Doc. 35.) Bank Audi argued that it had withdrawn certain affirmative defenses in the Lebanon Action, and that, because Judge Lehrburger had ruled that the discovery sought by Petitioner was relevant to that affirmative defense, "[t]he Court should therefore quash the Subpoenas because the Petition no longer satisfies a required statutory element." (*Id.* at 1–2.)[2] On March 2, 2022, Petitioner filed his own letter in response

---

[1] I make no findings of fact in this section, but merely provide the history of this action for background purposes only.

[2] Petitioner asserts that "Bank Audi has merely submitted to the [court in the Lebanon Action] a request to withdraw [certain] defenses," and that, in fact, there is no reason to think the defenses have actually been withdrawn. (Doc. 45, at 3 n.1 (citations omitted)). As will be seen *infra*, I need not and do not determine whether the defenses have been withdrawn to resolve the matters currently before me.

to Bank Audi's renewed application to quash the subpoenas. (Doc. 38.)

On March 8, 2022, Judge Lehrburger held a conference during which he heard from the parties and denied Bank Audi's renewal application. (March 8 Tr. 14:11–12.)[3] Specifically, he held that the January 26 Order "was a final order under Rule 60 and that [Bank Audi] has not met the standards or presented any reason for that order to be modified, withdrawn or otherwise," and further that Bank Audi was "playing sleight of hand with its defenses in an attempt to get around having to comply with the [January 26 Order]." (*Id.* at 14:13–25.) When Bank Audi asked for clarification, Judge Lehrburger further explained that, although he understood that "Bank Audi is in the process of revising what defenses it actually wants to assert," the January 26 Order "was final" already. (*Id.* at 15:12–19.) Judge Lehrburger also denied a request for a stay pending appeal. (*Id.* at 16:3–20.)

In the March 8 Order, Judge Lehrburger stated that Bank Audi's application to renew its motion to quash was denied "for the reasons stated at the conference." (Doc. 39.) He reemphasized that "[t]he purported changed circumstance (withdrawal of a defense) was controlled and created by Bank Audi." (*Id.*)

On March 14, 2022, Bank Audi filed a notice of appeal from orders in this action including the January 26 Order. (Doc. 42.) On March 22, 2022, while that appeal was pending, Bank Audi filed an objection to the Renewal Order (the "Objection"). (Doc. 43 ("Obj.").) On March 31, 2022, Petitioner filed a response to the Objection. (Doc. 45.)

On May 9, 2022, Bank Audi filed a motion to stay compliance with the subpoena pending resolution of the Objection. (Doc. 48.) As an attachment to the Objection, Bank Audi

---

[3] "March 8 Tr." refers to the transcript of proceedings in this action held before Judge Lehrburger on March 8, 2022. (Doc. 40.)

3

included the Second Circuit's order dismissing its appeal.  (Doc. 48-1.)  In its order the Second Circuit found that, among other things, the January 26 Order "is not a final, appealable order because Appellant never filed objections to it in the district court," and that the "denial of" the "renewed motion to quash is not a final order because the district court has not yet ruled on [Bank Audi's] objections."  (*Id.* at 2–3.)  Finally, the Second Circuit denied Bank Audi's motion to stay discovery pending appeal as moot.  (*Id.* at 3.)

## II. Legal Standard

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions.  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  "A party may serve and file objections to the order on a non-dispositive matter within 14 days after being served with a copy of the Order." *JPMorgan Chase Bank, N.A. v. Reifler*, No. 11 CIV. 4016 (DAB), 2016 WL 10570981, at *2 (S.D.N.Y. July 14, 2016) (quoting Fed. R. Civ. P. 72(a)).  "A party may not assign as error a defect in the order not timely objected to."  Fed. R. Civ. P. 72(a).

A district judge may reconsider any non-dispositive pretrial matter where the magistrate judge's order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Under a clear error standard of review, "so long as there is a basis in the evidence for a challenged inference," the court will "not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).  "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *JPMorgan Chase*, 2016 WL 10570981, at *2 (citation omitted).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Lan v.*

4

*Time Warner, Inc. et al.*, 11 Civ. 2870(AT)(JCF), 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016) (internal quotation marks omitted) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001)). "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *JPMorgan Chase*, 2016 WL 10570981, at *2 (quotation marks omitted).

### III.  Discussion

To determine whether a § 1782 application can be granted, a court is to "assess the indicia of whether the [foreign] proceedings were within reasonable contemplation at the time the § 1782 application was filed and briefed before the district court." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 100 (2d Cir. 2020) (internal quotation marks omitted) (explaining that a court "must disregard the post-remand revelations" or other post-filing developments "regarding the state of the proceedings"); *see also Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 29 (2d Cir. 1998) ("The motion to reopen the proceedings in the French Court of Appeal . . . cannot serve as a predicate foreign proceeding for" a § 1782 application). In *Mangouras*, the Second Circuit determined that the two "relied-upon proceedings" on which a § 1782 application was premised "had [not] been initiated" when the application was filed, and that one of them, "the Querella Criminal proceedings" was not "at any point, more than merely speculative." *Id.* at 100–01. As such, "unlike cases where we and other courts have concluded that § 1782 applicants showed the anticipated proceedings were reasonably contemplated, Mangouras did not provide sufficiently reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Id.* at 101 (internal quotation marks and citations omitted).

Here, Bank Audi has only filed a timely objection to the Renewal Order, not to the

January 26 Order.  Accordingly, the only question before me is whether Judge Lehrburger committed reversible error by not allowing Bank Audi to renew its motion to quash based on changed circumstances that Bank Audi itself created in the Lebanon Action.[4]  (*See* Obj. 1 ("[W]ithdrawal [of Bank Audi's affirmative defenses in the Lebanon Action] vitiated the statutory basis for the Subpoenas," so the § 1782 analysis "now weigh[s] against granting the § 1782 application."); *id.* at 8 ("[W]ithdrawal . . . means that the evidence sought in this § 1782 petition[] no longer has any relevance to the Leban[on] Action.").)  Moreover, Bank Audi's only argument here is that Judge Lehrburger's "March 8 Order" erred because "the withdrawal of Bank Audi's . . . defense means the evidence sought" in this action "no longer has any relevance to the Lebanese Action."  (Obj. 8.)[5]

Judge Lehrburger found that "[t]he purported changed circumstance . . . was controlled and created by Bank Audi."  (Doc. 39.)  Bank Audi does not object to or dispute this finding by Judge Lehrburger, and I do not find it clearly erroneous.  Bank Audi presented no law regarding how a court is to consider a renewed motion to quash subpoenas based on changed circumstances, much less law considering what to do when the movant itself causes the change that may render irrelevant the discovery sought by the subpoenas.  Indeed, a rule favoring Bank Audi's position would run counter to the logic of the voluntary cessation rule from Article III mootness doctrine, which accounts for the risk that a party may be "free to return to his old ways."  *See United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953).  Thus, a party's "voluntary cessation of allegedly illegal activities will usually render a case moot 'if the [party

---

[4] As discussed *supra* note 2, the parties disagree on whether Bank Audi has actually withdrawn these defenses.  I make no finding on the matter.

[5] Bank Audi calls the March 8 Order both "clearly erroneous" and an "abuse of discretion."  (Obj. 8, 12.)  My disposition of Bank Audi's Objection is the same regardless of which of these standard applies.

arguing for mootness] can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Granite State Outdoor Adver., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002) (per curiam) (quoting *Campbell v. Greisberger,* 80 F.3d 703, 706 (2d Cir. 1996)).  Here, Bank Audi failed to make a showing why, if it can simply withdraw defenses in the Lebanon Action to moot Petitioner's § 1782 application, it would be unable to reassert these defenses later.

Bank Audi says that Judge Lehrburger "erred by applying the Fed R. Civ. P. 60 standard for vacatur."  (Obj. 9).  This is a curious argument since it was Bank Audi that renewed its motion to quash to Judge Lehrburger rather than appeal his decision to me, and Bank Audi does not say what standard Judge Lehrburger should have applied instead of Rule 60.  In any event, I find that Judge Lehrburger's reference to Rule 60 was not erroneous, as motions "for reconsideration" of whether a "subpoena should be quashed" are generally analyzed "under Fed. R. Civ. P. 60(b)."  *See Morgan v. Gaind*, 462 F. App'x 56, 57 (2d Cir. 2012); *see also Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) ("[A]n order granting or denying discovery . . . in aid of a foreign proceeding under 28 U.S.C. § 1782" is "the final adjudication of the § 1782 application").  Rule 60(b) governs grounds to "relieve a party . . . from a[n] . . . order." Judge Lehrburger's January 26 Order falls into the category of matters which "a magistrate judge" may "hear and determine" and issue binding orders.  28 U.S.C. § 636(b)(1)(A); *accord NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 352 (S.D.N.Y. 2018) ("[M]otions to compel or quash subpoenas are properly classified as non-dispositive." (citing, *inter alia*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010))).  Courts generally deny Rule 60(b) relief when the "changed circumstances" raised by a party are "within the control of the party seeking relief."

*Silverman v. Miranda*, No. 06-CV-13222 ER, 2014 WL 3728622, at *4 (S.D.N.Y. July 28, 2014); *see also, e.g.*, *Valentine Sugars, Inc. v. Sudan*, 34 F.3d 320, 322 (5th Cir. 1994) ("[Appellant] has not alleged a change in circumstances brought about by new and unforeseen conditions.  Appellant not only foresaw the changed conditions, it created them.  The district court correctly denied relief from the judgment.").

      Moreover, Bank Audi presents no reason why the application of Rule 60 in the Renewal Order would have been anything more than harmless error.  Even if I were to construe the motion determined in the March 8 Order as one for reconsideration under Rule 59(e) and Local Civil Rule 6.3, Bank Audi's Objection would still fail, as motions under these rules "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  They do not support a motion where, as here, Bank Audi has caused a change in circumstances so it can "tak[e] a second bite at the apple."  *See Analytical Survs. Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

      Regardless of the standard, the legal argument Bank Audi asserts is wrong.  It argues that, because it "withdrew . . . any defense [in the Lebanon Action]" for which discovery sought by Petitioner may be relevant, this "depriv[ed] the District Court of jurisdiction to issue the subpoena."  (Obj. 9.)  However, if this is about jurisdiction, Second Circuit law is clear that a court assesses whether it can grant a § 1782 application by looking to "the time the § 1782 application was filed," not based on later "revelations regarding the state of the [foreign] proceedings."  *See Mangouras*, 980 F.3d at 100 (internal quotation marks omitted); *accord Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action

brought.'" (quoting *Mollan v. Torrance,* 9 Wheat. 537, 539 (1824))).  Moreover, as discussed, Bank Audi cannot so easily moot federal jurisdiction through voluntary cessation.  *Cf. Granite State*, 303 F.3d at 451.

Bank Audi also argues that Judge Lehrburger "erred by refusing to give Bank Audi an opportunity to provide evidence for clarifying the nature of Bank Audi's remaining defenses in the Leban[on] Action."  (Obj. 10.)  The basis for this argument appears to be that, during the March 8 hearing, Bank Audi told Judge Lehrburger "it wished to speak with their client about 'withdrawing [a remaining] defense'" from the Lebanon Action.  (*Id.* at 11 (quoting Oral Ruling 15:3–10).)  However, Bank Audi does not explain any mechanism of law that would allow it to keep seeking to change its arguments in the Lebanon Action until the Court is finally persuaded to grant Bank Audi's motion to quash.

## IV.   Conclusion

For the reasons stated above, Bank Audi's Objection is OVERRULED.  Bank Audi's motion for a stay pending resolution of its Objection is thus DENIED as moot.  The Clerk of Court is respectfully directed to terminate all open motions on the docket.

SO ORDERED.

Dated:  May 17, 2022
        New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge