UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

*In re: Ex Parte Application of Majed Amir Al-Attabi for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for use in Foreign Proceedings Pending in the Republic of Lebanon.*

---------------------------------------------------------X

21-MC-207 (VSB) (RWL)

**OPINION & ORDER**

Appearances:

James Patrick Bonner
Susan M. Davies
Fleischman Bonner & Rocco LLP
White Plains, New York
*Counsel for Petitioner*

Linda C. Goldstein
Patrick Nicholas Andriola
Tamer Mallat
Dechert LLP
*Counsel for Movant Bank Audi S.A.L.*

VERNON S. BRODERICK, United States District Judge:

Before me is the letter-motion of Bank Audi seeking to stay enforcement of subpoenas authorized to be served under 28 U.S.C. § 1782 pending its appeal of my May 17, 2022 Opinion & Order (the "May 17 Order"), in which I overruled Bank Audi's objection to Magistrate Judge Robert W. Lehrburger's March 8 Order denying Bank Audi's application to renew its motion to quash.[1] For the reasons that follow, Bank Audi's motion is DENIED.

## I. Applicable Law

When deciding whether to issue a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

[1] Terms in this Opinion & Order have the same definitions as used in the May 17 Order. Familiarity with the facts and procedural history set forth in the May 17 Order will be presumed throughout this Opinion & Order.

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 300 (S.D.N.Y. 2010) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 169 (2d Cir. 2007)). "The necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors." *Id.* (internal quotation marks omitted) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)); *see also Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016) ("Courts have treated these factors 'like a sliding scale' such that 'more of one excuses less of the other.'" (citation omitted)). Still, "the movant cannot prevail by showing a mere possibility of success or harm." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 641 (S.D.N.Y. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).[2]

Significantly, "[a] stay is an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427 (internal quotation marks omitted). Ultimately, the decision as to whether to grant a stay is committed to the Court's discretion. *Id.* at 433–34; *see also, e.g.*, *In re Noguer*, 18-MC-498 (JMF), 2019 WL 1034190, at *1 (S.D.N.Y. Mar. 5, 2019); *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 395 (S.D.N.Y. 2016).

## II. Discussion

### A. *Likelihood of Success*

[2] The Second Circuit reviews "*de novo* the district court's determination as to whether the statutory requirements of § 1782 are met," and if satisfied that they have been met, then reviews "the district court's decision on whether to grant discovery for abuse of discretion." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998). Thus, "assuming no error of law," appellate review of the decision to grant discovery "is much more deferential." *In re Application of Chevron Corp.*, 709 F. Supp. 2d at 304.

Bank Audi argues that it is likely to succeed on the merits of its appeal because the May 17 Order erred by not finding that alleged "changed circumstances in the underlying proceeding moot the petition." (Stay Mot. 2.)[3] Specifically, Bank Audi argues that, because it withdrew certain of its defenses in the Lebanon Action after Petitioner served authorized subpoenas, this § 1782 action should have been dismissed "as moot" because the subpoenaed material was sought as relevant "to rebut" those defenses. (*Id.*) Having withdrawn the defenses, says Bank Audi, the subpoenaed materials are "no longer 'for use' in the Lebanese proceedings." (*Id.*)

Bank Audi misconstrues the law and what is actually at issue here: whether Bank Audi will be accorded relief from a subpoena and court order issued with proper jurisdiction because of a later changed circumstances and mootness. As I explained in the May 17 Order, "a court assesses whether it can grant a § 1782 application by looking to 'the time the § 1782 application was filed,' not based on later 'revelations regarding the state of the foreign proceedings.'" (May 17 Order 8 (quoting *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 101 (2d Cir. 2020)).) Judge Lehrburger denied Bank Audi's motion to quash the subpoenas in the January 26 Order, and Bank Audi has never argued that this § 1782 action was moot either when the original application was granted or when the January 26 Order was entered.[4] Rather, Bank Audi has sought, since late February, to make a new motion to quash based on its having withdrawn defenses in the Lebanon Action. (May 17 Order 5–6.) As I explained, "Rule 60(b) governs grounds to relieve a party from an order" of a federal court, and "[c]ourts generally deny Rule 60(b) relief when the changed circumstances raised by a party are within the control of the party seeking relief." (*Id.* at 7 (internal quotation marks and citations omitted)). Bank Audi's letter-

---

[3] "Stay Mot." refers to Bank Audi's Letter Motion to Stay Compliance with Subpoenas Pending Appeal. (Doc. 53.)

[4] As the Second Circuit noted in Bank Audi's last appeal, Bank Audi never even "filed objections to" the January 26 Order. (Doc. 48-1.)

motion does not even address this portion of the May 17 Order, nor does Bank Audi provide a sound reason not to follow the case law holding that a court assess whether to grant "a § 1782 application by looking to 'the time the § 1782 application was filed,' not based on later 'revelations regarding the state of the foreign proceedings.'" (May 17 Order 8 (quoting *Mangouras*, 980 F.3d at 101).)

Bank Audi's position on mootness is not supported by *Mangouras*, the only binding precedent it cites in support of its argument for the likelihood of success on the merits. (Stay Mot. 2.) In *Mangouras*, the Second Circuit heard "cross-appeals" from a § 1782 applicant and from § 1782 respondents. 980 F.3d at 91. The respondents challenged whether the district court should have authorized discovery at the outset, and the applicant challenged the district court's closing the action, as opposed to "maintaining the case on its active docket to facilitate the use of the discovery in future foreign proceedings." *Id.* As to the applicant, the Second Circuit dismissed the appeal as moot, because the applicant sought "only to reinstate the application as an open case," which required "viewing the § 1782 application itself as a live case," even though the "foreign proceedings" on which the application was premised "ha[d] permanently concluded or will not take place." *Id.* at 96.

As to the respondents' appeal, the Second Circuit found that the discovery should never have been authorized not due to mootness, but because the district court had erred in analyzing whether "the requested discovery was 'for use' in a foreign proceeding" within the meaning of § 1782. *Id.* at 100. Specifically, the Second Circuit found that, when the applicant "first filed his applications . . . neither of the relied-upon proceedings . . . had been initiated," and that there was never "more than [a] merely speculative" possibility that one of the foreign proceedings, the "Querella Criminal proceeding," would ever be initiated *Id.* at 100–01. The Second Circuit

held that, because the district court's granting of the application as to both foreign proceedings "was predicated at least in part on its erroneous reasoning as to" whether "the Querella Criminal" proceeding would be initiated, the entire order had to be "vacat[ed] and remand[ed]." *Id.* at 102. "On remand," however, "the district court" was obligated to "deny the § 1782 application as moot" because the "proceedings [on which they were premised] have either terminated or will not occur." *Id.*

Bank Audi's position on mootness cannot be squared with *Mangouras* decision. First, unlike the foreign actions in *Mangouras*, the Lebanon Action is ongoing. Second, the core of *Mangouras*'s analysis was about whether the discovery sought could be deemed "for use" in a foreign proceeding and whether the foreign proceedings were "within reasonable contemplation" when § 1782 applications were "first filed." 980 F.3d at 100–01. This has nothing to do with mootness. Indeed, Bank Audi is not appealing whether the § 1782 application should have been granted when it was first filed. Third, and relatedly, because Bank Audi does not challenge the initial grant of the § 1782 application, it has offered no reason to apply *Mangouras*'s holding on mootness in a district court to this case. *Mangouras* only directed the district court to dismiss the action as moot because it held that the initial grant of the § 1782 application required "vacatur and remand." *Id.* at 102. In other words, mootness in *Mangouras* depended on finding an independent ground for vacatur, and Bank Audi has not offered any such ground. Fourth, even if Bank Audi's arguments did implicate mootness doctrine concerns, it in no way addresses the May 17 Order's reasoning that the "voluntary cessation" exception to Article III mootness would apply in this case to preserve subject matter jurisdiction. (*See* May 17 Order 6–7 (citation omitted).)

### B. *The Remaining Factors*

Bank Audi argues irreparable injury on the grounds of a potential "loss of reputation." (Stay Mot. 1 (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004)).) Specifically, it argues that, if the discovery Petitioner seeks is publicly filed in the Lebanon Action, the "Lebanese press" may seize on these documents and "undoubtedly sensationalize" them due to the Lebanese peoples' dissatisfaction with banking restrictions put in place due to Lebanon's ongoing "financial crisis." (*See id.* at 1–2.) Bank Audi worries that the records may suggest it is failing to comply with certain transfer restrictions for some of its customers, and further that it will be unable to provide details rebutting this impression due to Lebanese bank secrecy laws. (*Id.*) It also argues that the stay is in the public interest because it may make "an already volatile environment in Lebanon" worse. (*Id.* at 3.)

As an initial matter, Bank Audi's position—made only by reference to a self-serving declaration which itself cites no evidence to support its assertions—are based upon speculation concerning (1) what the produced records will show; (2) that the produced records will be publicly filed in the Lebanon Action despite Lebanese bank secrecy laws; and (3) that the press is going to "sensationalize" the documents and their meaning. (*See* Doc. 44-1 ¶ 13.) I will not base a stay on such speculation. In any event, even assuming the denial of a stay might come with some of the very risks Bank Audi raises, I do not find that those risks justify a stay pending appeal. First, Bank Audi has very little likelihood of success on the merits. *Supra*. Second, it is well established that the use of the materials gathered through discovery serve the "public interests in justice, fair play, and full disclosure," *Chevron Corp.*, 709 F. Supp. 2d at 310, as well as "the truth in foreign actions," *In re Bracha Found.*, 2:15-mc-748-KOB, 2015 WL 6828677, at *4 (N.D. Ala. Nov. 6, 2015). Indeed, Bank Audi's argument that the Lebanese public is better off if judicial orders are entered to limit the operations of a free press runs contrary to well-

established notions that the public interest is served by "a right of access to judicial documents." *See Lohnn v. Int'l Bus. Machines Corp.*, 21-cv-6379 (LJL), 2022 WL 36420, at *18 (S.D.N.Y. Jan. 4, 2022).

## III. Conclusion

For the reasons stated above, Bank Audi's request for a stay pending appeal is DENIED. The Clerk of Court is respectfully directed to terminate all open motions on the docket.

SO ORDERED.

Dated: May 24, 2022
New York, New York

Vernon S. Broderick
United States District Judge