UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re Ex Parte Application of Majed Amir Al-Attabi,  :
                                                     :
                                       Petitioner,   :
                                                     :   Case No. 1:21-mc-00207(VSB)(RWL)
for an Order Pursuant to 28 U.S.C. § 1782 to Take    :
Discovery for use in Foreign Proceedings Pending     :
in the Republic of Lebanon.                          :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**PROTECTIVE ORDER**

WHEREAS, on September 3, 2021, the Court granted the application of Petitioner Majed Amir Al-Attabi ("Petitioner") to take certain discovery in this District for use in the legal proceedings pending between Petitioner and Bank Audi S.A.L. ("Bank Audi") in the Court of First Instance of Beirut under No. 448/2020 and in the Court of Judicial Enforcement of Beirut under No. 211/2021 (collectively, the "Lebanon Proceedings") [ECF 10]; and

WHEREAS, pursuant to the Court's September 3, 2021 Order, the Petitioner served subpoenas in this district on JPMorgan Chase Bank, N.A., The Bank of New York Mellon, Citibank, N.A., and Standard Chartered Bank (the "Subpoenaed Banks") seeking production of, among other things, records reflecting certain U.S. dollar transfers by Bank Audi in a format that does not disclose the names or any other personally identifying information (such as account numbers) of any transferor, transferee, or Bank Audi customer; and

WHEREAS, Bank Audi is the defendant in the Lebanon Proceedings and has appeared in this case to challenge the issuance of the subpoenas and wishes to protect the confidentiality of its customers' information; and

WHEREAS, Bank Audi has requested entry of a protective order to govern the treatment of the documents and information to be produced by the Subpoenaed Banks in

response to the Petitioner's subpoenas as modified by the Court on January 26, 2022 [ECF 34] (the "§ 1782 Subpoenas");

       IT IS HEREBY ORDERED, pursuant to 28 U.S.C. § 1782 and Rule 26(c) of the Federal Rules of Civil Procedure that:

       1.     All documents and information produced by the Subpoenaed Banks in response to the § 1782 Subpoenas (the "Subpoenaed Information") shall not be used for any purpose other than proving or rebutting any claim, issue, argument or defense raised in the Lebanon Proceedings.

       2.     The Subpoenaed Information may not be disclosed to any persons other than:

       (a)     Petitioner and Bank Audi, the parties to the Lebanon Proceedings;

       (b)     counsel for Petitioner and Bank Audi in this proceeding (including their paralegal, technical, secretarial, and clerical personnel) (collectively, "U.S. Counsel"), subject to compliance with Paragraph 3 of this Protective Order;

       (c)     counsel for Petitioner and Bank Audi who are engaged in representing those parties in the Lebanon Proceedings, including the paralegal, technical, secretarial and clerical personnel who are actually engaged in assisting such counsel (collectively, "Lebanon Counsel"), subject to compliance with Paragraph 3 of this Protective Order;

       (d)     the courts presiding over the Lebanon Proceedings, including their clerical personnel and any experts they appoint (the "Lebanon Courts"), subject to compliance with Paragraph 4 of this Protective Order;

       (e)     outside vendors providing photocopying, litigation support services, translation services, or electronic discovery review platforms who are engaged by U.S. Counsel or Lebanon Counsel to assist in this proceeding or the Lebanon Proceedings,

subject to compliance with Paragraph 3 of this Protective Order;

  (f) other persons as ordered by this Court or the Lebanon Courts, provided that such order is made on notice to Bank Audi, subject to the person's compliance with Paragraph 3 of this Protective Order.

  3. Unless otherwise ordered by this Court or one of the Lebanon Courts, prior to disclosure of Subpoenaed Information to a person authorized under paragraphs 2(e) and 2(f):

  (a) The disclosing party shall provide to such person a copy of this Protective Order and obtain from such person an executed copy of the Confidentiality Agreement annexed hereto as Exhibit A.  Where the person to whom the Subpoenaed Information is disclosed pursuant to this paragraph 3 is reasonably believed not to understand this Order and its Exhibit A as written in English, the disclosing party shall provide to such person a translation of this Protective Order and of its Exhibit A in the language best understood by the person to whom the Subpoenaed Information is disclosed.

  (b) Copies of the executed Confidentiality Agreements (whether in English or in translation) shall be maintained by the U.S. Counsel for the disclosing party.  The non-disclosing party may make an application to this Court to have the Confidentiality Agreements produced by the disclosing party upon a showing of good cause and with an adequate certification supported by substantiating information to the effect that there has been an unauthorized disclosure of the Subpoenaed Information in violation of this Order.

  4. Prior to filing any Subpoenaed Information with a Lebanon Court, Lebanon Counsel shall jointly move to obtain an order from that Lebanon Court providing that the Subpoenaed Information, once filed, shall be maintained in a manner akin to filing under

seal in an American court, such as by having it filed in a locked safe accessible only to that Lebanon Court. No Subpoenaed Information may be filed with a Lebanon Court until that court has issued a ruling on that joint request. Nothing in this Order in any way binds any Lebanon Court's disposition of the joint motion mentioned in this paragraph. U.S. Counsel seeking to file any Confidential Information with this Court shall move to file it under seal in accordance with applicable law and with any governing Individual Rules of Practice.

5. All persons to whom the Subpoenaed Information is disclosed under paragraphs 2(a), 2(b), 2(c), 2(e), and 2(f) are obligated to maintain the Subpoenaed Information in a secure manner to prevent access to the Subpoenaed Information by unauthorized persons.

6. Any person in possession of Subpoenaed Information pursuant to the terms of this Order who receives a subpoena or other legal process seeking production or disclosure of the Subpoenaed Information shall, within three (3) business days of receipt thereof, (a) transmit a copy of such subpoena or other legal process via overnight delivery or electronic mail to legal counsel for Bank Audi and the designating Subpoenaed Bank via electronic mail; and (b) notify the person seeking the Subpoenaed Information of the existence of this Protective Order and provide them with a copy. No production or other disclosure of Subpoenaed Information shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing in this Order shall obligate any person who receives a subpoena or other legal process seeking production or disclosure of Subpoenaed Information to resist such production or disclosure, or be construed as encouraging any person not to comply with any court order, subpoena, or other legal process.

7. Within sixty (60) days of the final conclusion of the Lebanon Proceedings, all copies of the Subpoenaed Information shall be destroyed by Petitioner, Bank Audi, U.S. Counsel, and Lebanon Counsel. The foregoing persons shall provide certificates confirming such destruction by (i) themselves and (ii) all other persons to whom they disclosed the Subpoenaed Information pursuant to paragraphs 2(e) and 2(f), to U.S. Counsel within the sixty (60) day time period.

8. This Court shall retain jurisdiction over this matter for all proceedings to modify or enforce the terms of this Protective Order, including by the imposition of appropriate monetary sanctions.

SO ORDERED,

_____
VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Dated:   September 13, 2022
         New York, New York

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ x
In re Ex Parte Application of Majed Amir Al-Attabi,   :
                                                      :
                                      Petitioner,     :
                                                      :   Case No. 1:21-mc-00207(VSB)(RWL)
for an Order Pursuant to 28 U.S.C. § 1782 to Take     :
Discovery for use in Foreign Proceedings Pending      :
in the Republic of Lebanon.                           :
                                                      :
------------------------------------ x
```

## CONFIDENTIALITY AGREEMENT

1. My name is _____. I am employed as _____ (state position) by _____ (state name and address of employer).

2. I have received and read a copy of the Protective Order that has been entered in the above captioned proceeding. I understand the provisions of the Protective Order and agree to comply with and be bound by its provisions.

3. I understand that monetary sanctions may be imposed upon me for violation of the Protective Order. I consent to personal jurisdiction over me by the United States District Court for the Southern District of New York with respect to enforcement of the Protective Order.

Dated: _____        Signed: _____